IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EFRAIN LOPEZ, § | |
| (SPN #02151730) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-13-1781 |
| § | |
| HOUSTON POLICE DEPARTMENT, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND OPINION

Efrain Lopez, an inmate of the Harris County Jail ("HCJ"), sued in June 2013, alleging civil rights violations resulting from a denial of due process. Lopez, proceeding pro se and in forma pauperis, sues the Houston Police Department ("HPD").

The threshold issue is whether Lopez's claims should be dismissed as frivolous. The court concludes that Lopez's claims lack merit and should be dismissed for the reasons stated below.

### I.  Plaintiff's Allegations

Lopez states that he was arrested for capital murder on October 10, 2005, in Cause Number 1305940. On December 16, 2005, HPD officers conducted an illegal search and arrest at his home at 6:00 a.m. Lopez asked to seek an arrest warrant and a search warrant, but the officer said they did not have one. During his interrogation at the HPD Homicide Division, Lopez asked for an attorney, but his requests were ignored. Hours later, officers began threatening Lopez's wife and unborn child. The officers coached Lopez as to what he should say before the video camera. Officers assured Lopez that if he made a statement, they would not seek the death penalty, would release his wife, and would not put Lopez's unborn child up for adoption. As a result of the officers' coercion,

Lopez made two or three false statements relating to the charges in Cause Numbers 1305940 and 1050629.

Lopez states that seven years have passed since his indictments in Cause Numbers 1305940 and 1050629, but he has not gone to trial.

Lopez seeks compensatory damages of $100,000 for the illegal search of his home; an injunction compelling the 179th Judicial District Court of Harris County, Texas to return all items seized during the illegal search of Lopez's home; compensatory damages of $50,000.00 for civil rights violations during the illegal interrogation; compensatory damages of $750,000.00 for violations of his wife's civil rights; and $500.00 for each day of his illegal incarceration since December 16, 2005.

## II. Standard of Review

28 U.S.C. § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.
> (c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

**III. Analysis**

Lopez seeks monetary damages from the defendant for the allegedly illegal search of his home and subsequent arrest. On-line research reveals that Lopez has been charged in Harris County with two counts of capital murder, Cause Numbers 1305940 and 1050629. These charges are still pending.

To recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.*

Although the Supreme Court's decision in *Heck* concerned a civil action for monetary

damages, the United States Court of Appeals for the Fifth Circuit has also applied *Heck* in cases in which the plaintiff seeks injunctive relief. *Clarke v. Stalder,* 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing *Edwards v. Balisok,* 520 U.S. 641 (1997)).

Lopez has been charged in state court with capital murder. Lopez's allegations would, if true, necessarily implicate the validity of these charges and any potential convictions. *See Hudson v. Hughes,* 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee,* 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer). Several circuits have held that *Heck* bars "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force,* 239 F.3d 892, 898 n.8 (7th Cir. 2001); *Smith v. Holtz,* 87 F.3d 108, 110 (3rd Cir. 1996) (holding that a claim challenging the validity of a future conviction raises the same concerns as a claim challenging the legality of a conviction and, as a result, "does not accrue so long as the potential for a judgment in the pending criminal prosecution continues to exist.").[1] In considering this issue, the Fifth Circuit reasoned:

> The record does not clearly reflect that a successful attack on Mackey's arrests will implicate the validity of his confinement. It is not clear whether or not Mackey has been tried or convicted. When his suit was filed, it appears that he was confined pursuant to the

---

[1] Other circuit courts have relied on *Smith* in extending *Heck* to pre-conviction criminal charges. *See Shamaeizadeh v. Cunigan,* 182 F.3d 391, 397 (6th Cir. 1999); *Covington v. City of New York,* 171 F.3d 117, 124 (2nd Cir. 1999); *Washington v. Summerville,* 127 F.3d 552, 555 (7th Cir. 1997).

> March 21 indictment, the validity of which would not necessarily be implicated by any illegality in earlier arrests. If Mackey is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction. On the other hand, if he is convicted and evidence is presented by the prosecution at his criminal trial which is a direct or indirect product of one or more of his arrests, then his section 1983 damage claims challenging the validity of his arrests would appear to undermine the validity of his conviction and hence be barred by *Heck*. Of course, in any event any equitable relief in the nature of release from confinement would be barred by *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973).
>
> At this point it is simply premature to determine whether or not Mackey's damage claims are barred under *Heck*. Accordingly, the district court erred in dismissing the claims on the basis of *Heck*. The court may--indeed should--stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two.

*Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In *Brown v. Taylor*, 139 F. App'x 613, 2005 WL 1691376 (5th Cir. 2005), the Fifth Circuit stated, in an unpublished opinion, that to the extent that Brown's allegations concerned pending criminal charges, the district court's dismissal of his civil-rights complaint under *Heck* was erroneous. Where it remained unclear whether Brown had been tried or convicted on those charges, the Fifth Circuit stated that the district court should have stayed the instant action until the pending criminal case against Brown had run its course. *Id.* (citing *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995)).[2]

---

[2]

See also *Busick v. City of Madison, Miss.*, 90 F. App'x 713, 713-714 (5th Cir. 2004) (where it is impossible to determine whether a plaintiff's civil claims relating to his arrest and criminal prosecution necessarily implicate the validity of any conviction or sentence that plaintiff has received or might receive because of ongoing criminal proceedings, the district court should have stayed the civil proceedings pending the resolution of the criminal charges against plaintiff).

The Supreme Court has explained that if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Wallace v. Kato,* 549 U.S. 384, 393-94 (2007). If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit. *Wallace,* 549 U.S. at 394 (citing *Edwards v. Balisok,* 520 U.S. 641, 649 (1997)); *Heck,* 512 U.S. at 487.

Because Lopez's pleadings reflect that his criminal cases remain pending, the court must stay and close this civil case until his state court proceedings are completed.

## IV. Conclusion

The action filed by Efrain Lopez (SPN #02151730), is premature. The Clerk must STAY and CLOSE this case for administrative purposes until further notice. Lopez must file a "Motion to Reinstate" this case, if appropriate, within thirty days from the date that the state court criminal cases for capital murder are completed. Lopez's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is DENIED without prejudice to reconsideration upon reinstatement. Lopez's motion for the appointment of counsel, (Docket Entry No. 6), and motions for discovery, (Docket Entry Nos. 7 & 8), are DENIED as moot. Any remaining pending motions are DENIED as moot.

SIGNED at Houston, Texas, on ___July 3___, 2013.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE